UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROGRESS RAIL SERVICES
CORPORATION,

     Plaintiff,

v.                                  CASE NO: 8:04-cv-200-T-23EAJ

HILLSBOROUGH AREA REGIONAL
TRANSIT AUTHORITY and
CITY OF TAMPA,

     Defendants.

_____/

## **ORDER**

Progress Rail Services Corporation ("Progress") sues the Hillsborough Regional

Transit Authority ("HART") for breach of a contract to supply material for the "Tampa-

Ybor Historic Electric Streetcar" project (the "project").  HART issued an "invitation to

bid" on a contract for the "design, manufacture, fabrication, pre-assembly, inspection,

testing, shipping, unloading and stockpiling of all track materials" for the project.  HART

awarded the bid to Progress, and the parties executed the supply contract

(the "Progress/HART contract").

Progress alleges that HART refuses to pay Progress for the material supplied.  In

turn, HART asserts counterclaims against Progress and argues that Progress's failure

to timely provide conforming material under the contract resulted in losses to HART.

Although not a party to the Progress/HART contract, the City of Tampa ("the City")

intervenes as HART's "joint venturer" to assert breach of the Progress/HART contract

against Progress and to recover "damages sustained by the City."

Progress moves for summary judgment on the City's counterclaim and argues

that the City cannot assert breach of the Progress/HART contract because the City is

not a joint venturer.  United States Magistrate Judge Elizabeth A. Jenkins recommends

(Doc. 46) granting Progress's motion for summary judgment.  The City objects (Doc. 47)

to the Magistrate Judge's recommendation.  A review of Progress's motion for summary

judgment, the Magistrate Judge's report and recommendation, and the City's objection

reveals no error in the Magistrate Judge's assessment of the facts or application of law.

The City's objection (Doc. 47) is **OVERRULED** and the Magistrate Judge's

recommendation (Doc. 46) is **ADOPTED**.  Accordingly, Progress's motion for summary

judgment directed to count one (Doc. 23) is **GRANTED**.

The City moves (Doc. 51) to amend the counterclaim to assert a right to recovery,

as a third-party beneficiary, for breach of the Progress/HART contract.  Progress

opposes the motion to amend and argues that the City is not an intended beneficiary

under the Progress/HART contract.

Count two of the City's proposed amended counterclaim asserts that "[i]n entering

into the [Progress/HART contract], HART and Progress intended that the City would

benefit . . . as a direct and primary object of the [Progress/HART contract]."  Progress

argues that permitting the amendment proves futile because the terms of the

Progress/HART contract demonstrate that the City's third-party beneficiary claim fails.

The futility of a proposed amendment provides grounds for denying a motion to amend.

Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); Hall v. United Insurance

Company of America, 367 F.3d 1255 (11th Cir.  2004) ("denial of leave to amend is

justified by futility when the complaint as amended is still subject to dismissal." [quoting

Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)]).

Not every contract resulting in a benefit to a third-party provides a right of action

to the benefitted third-party.  To assert a breach of contract claim in Florida, a third-party

must demonstrate that the primary intent of the contracting parties was the direct benefit

to the third-party.  Bochese v. Town of Ponce Inlet, 405 F.3d 964 (11th Cir. 2005).  For

the purpose of determining whether a third-party is an intended beneficiary to a

contract, basic contract interpretation rules apply.  28 Richard A. Lord Williston on

Contracts § 70:226 (4th ed. 2005) ("Ascertaining whether the contracting parties intend

to benefit a putative third-party beneficiary is a question of ordinary contract

interpretation."); City of Tampa v. Thornton-Tomasetti, P.C., 646 So.2d 279, 282-283

(Fla. 2d DCA 1994) ("The intention of the parties, gleaned from the contract itself, is

determinative.").

Accordingly, the City may assert a claim as a third-party to the Progress/HART

contract only if the terms of the contract manifest an intent to benefit the City.  Bochese

v. Town of Ponce Inlet, 405 F.3d 964, 981-983 (11th Cir. 2005) (compiling Florida

cases); Biscayne Inv. Group, Ltd. v. Guarantee Management Services, Inc., 903 So.2d

251, 254 (Fla. 3d DCA 2005) ("A non-party is the specifically intended beneficiary only if

the contract clearly expresses an intent to primarily and directly benefit the third party or

a class of persons to which that party belongs." [citing Aetna Cas. & Sur. Co. v. Jelac

Corp., 505 So.2d 37 (Fla. 4th DCA 1987) and  Security Mut. Cas. Co. v. Pacura, 402

So.2d 1266 (Fla. 3d DCA 1981)]).  That the City receives a benefit from the contract

fails to provide sufficient evidence that Progress and HART intended to "primarily and

directly" benefit the City.  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 982 (11th Cir.

2005); Vencor Hosps. v. Blue Cross Blue Shield of R.I., 169 F.3d 677, 680 (11th Cir.

1999) ("A party has a cause of action as a third-party beneficiary to a contract if the

contracting parties express an intent primarily and directly to benefit that third party (or a

class of persons to which that third party belongs)."); International Erectors, Inc. v.

Wilhoit Steel Erectors and Rental Service, 400 F.2d 465, 472 (11th Cir. 1968) ("The

Florida courts require that there must have been an intent to benefit the third party at

the time the promisor and promisee entered into the contract . . . .  If no such intention

to benefit is found in the contract, the third party is an incidental beneficiary and has no

rights enforceable against the promisor under the contract." [internal citations omitted]).

The benefit to the City must result intentionally and directly from performance of the

contract.

    The stated "intent" of the Progress/HART contract is "to furnish quality material for

[the project and to] furnish all labor, materials, equipment, tools and supplies required to

complete the Work in a workmanlike manner in accordance with the contract

documents."  Further, the City identifies no provision demonstrating an intent to directly

benefit the City.  To demonstrate the requisite intent, the City relies on the "dealings" of

the parties and Progress's knowledge of the City's involvement in the project.  Neither

negotiations nor dealings between the parties can "modify a written contract to create

the parties' 'intent' when the lack of such intent is evident from the contract." Jenne v. Church & Tower, Inc., 814 So.2d 522, 525 (Fla. 4th DCA 2002); see also Biscayne Inv. Group, Ltd. v. Guarantee Management Services, Inc., 903 So.2d 251, 254 (Fla. 3d DCA 2005) (quoting Jenne).

The Progress/HART contract provides only for the supply of materials for the project.  Stated and intended benefits under the contract inure exclusively to HART and Progress.  Accordingly, the City cannot recover under the Progress/HART contract as a third-party beneficiary, and the City's motion (Doc. 51) to amend is **DENIED**.  Further, Progress's motion (Doc. 63) for partial summary judgment on counts one and two of the City's counterclaim is **DENIED AS MOOT**.

Progress moves (Doc. 64) for summary judgment on HART's counterclaims and argues that HART's failure to provide a computation of damages requires summary judgment in Progress' favor.[1]  Progress's motion fails to demonstrate the absence of a genuine issue of material fact about HART's asserted damages.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Accordingly, the motion for summary judgment (Doc. 64) is **DENIED**.

The City moves (Doc. 72) to "supplement the counterclaim" to asserts counts three, four, five, six, and seven as an assignee of HART's rights under the Progress/HART contract.  The Progress/HART contract contains no provision prohibiting assignment of the contract.  Kitsos v. Stanford, 291 So.2d 632, (Fla. 3d DCA

---

[1] To the extent Progress's motion is properly construed as a motion for the sanction of dismissal for failure to comply with discovery rules, the motion is denied without prejudice to Progress's submission of a properly captioned and properly supported motion for sanctions.

1974) ("contracts are assignable unless forbidden by the terms of the contract").

Accordingly, the City's motion (Doc. 72) to "supplement the counterclaim" to assert claims as an assignee is **GRANTED**.  The City is directed to file a complete copy of the third amended counterclaim on or before **February 24, 2006**.

Progress's motion (Doc. 76) for enlargement of time is **GRANTED**.  The motions (Docs. 73, 74, 75) for withdrawal and substitution of counsel are **GRANTED**.  The firm of Ruden, McClosky, Smith, Schuster & Russell is substituted as counsel for HART in place of the firm of Barr, Murman, Tonelli, Sleet and Slother.

The parties' motion (Doc. 81) for a "case management conference" is **DENIED**.  Magistrate Judge Elizabeth A. Jenkins will conduct a pretrial conference on **March 9, 2006**, at **11:00 a.m.**

ORDERED in Tampa, Florida, on February 9, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   U.S. Magistrate Judge
      Courtroom Deputy

- 6 -